J-S92012-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ERIC THOMAS PUGH, | |
| Appellant | No. 361 WDA 2016 |

Appeal from the Judgment of Sentence February 5, 2016
In the Court of Common Pleas of Blair County
Criminal Division at No(s): CP-07-CR-0002479-2013

BEFORE:  SHOGAN, MOULTON, and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED JANUARY 30, 2017**

Appellant, Eric Thomas Pugh, appeals from the judgment of sentence entered following the revocation of his probation.  We affirm.

The trial court set forth the history of this case as follows:

> [Appellant] was originally sentenced on April 21, 2014 after pleading guilty to Possession with Intent to Deliver (Marijuana). 35 P.S. §780-113(a)(30).  This plea was in conjunction with three other charges of Possession with Intent to Deliver, to which [Appellant] also pled guilty.  He was sentenced [to] three (3) to twenty-three (23) months [of] incarceration at the Blair County Prison on those charges.  On this charge, he was sentenced to five (5) years [of] probation to run consecutively after his incarceration.
>
> After sentencing, [Appellant] was charged and convicted on two separate occasions in Blair County.  On September 19, 2015[, Appellant] pled guilty to Driving Under the Influence of a

---

[*]  Retired Senior Judge assigned to the Superior Court.

Controlled Substance Schedule II or Schedule III, First Offense, 75 Pa. C.S.A. §3802(d)(1)(ii) and was sentenced to seventy-two (72) hours to six (months) incarceration and paroled after seventy-two (72) hours. He also pled guilty to Accidents Involving Damage to Attended Vehicle or Property[,] 75 Pa. C.S.A. §3743[,] to which he was sentenced to six (6) months probation and to the summary offense of Driving while Operating Privileges were Suspended or Revoked[,] 75 Pa. C.S.A. §1543(a). On September 25, 2015[, Appellant] pled guilty to one count of Flight to Avoid Apprehension/Trial/Punishment[,] 18 Pa. C.S.A. §5126(a). He was sentenced to six (6) to twenty-three (23) months incarceration at the Blair County Prison and was scheduled for a Gagnon II hearing.

Trial Court Opinion, 5/18/16, at 1-2.

On February 5, 2016, the trial court revoked Appellant's probation and resentenced him to a term of incarceration of two and one-half to five years minus one day, with credit for time served. This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following issue for our review:

Did the Court of Common Please [sic] err by imposing a lengthy sentence of total confinement in light of Appellant's rehabilitative needs?

Appellant's Brief at 5.

Appellant's sole issue challenges the discretionary aspects of his sentence. Appellant's Brief at 9. Specifically, Appellant contends that the trial court failed to properly consider Appellant's rehabilitative needs when it imposed a sentence of incarceration, which he deems to be excessive.

As this Court clarified in **Commonwealth v. Cartrette**, 83 A.3d 1030 (Pa. Super. 2013) (*en banc*), our scope of review following the revocation of

probation is not limited solely to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. Rather, it also includes challenges to the discretionary aspects of the sentence imposed. Specifically, we unequivocally held that "this Court's scope of review in an appeal from a revocation sentencing includes discretionary sentencing challenges." *Cartrette*, 83 A.3d at 1034. Further, as we have long held, the imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. *Commonwealth v. Sierra*, 752 A.2d 910, 913 (Pa. Super. 2000).

It is well settled that there is no absolute right to appeal the discretionary aspects of a sentence. *Commonwealth v. Hartle*, 894 A.2d 800, 805 (Pa. Super. 2006). Instead, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 163 (Pa. Super. 2007).

As we observed in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal,

> **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Id**. at 170 (citing **Commonwealth v. Evans**, 901 A.2d 528 (Pa. Super. 2006)). The determination of whether there is a substantial question is made on a case-by-case basis, and this Court will grant the appeal only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process. **Sierra**, 752 A.2d at 912-913.

Pennsylvania Rule of Appellate Procedure 302(a) provides that "issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. **Moury**, 992 A.2d at 170 (citing **Commonwealth v. Mann**, 820 A.2d 788 (Pa. Super. 2003)). In addition, Pa.R.Crim.P. 708 provides that a motion to modify sentence must be filed within ten days of the imposition of sentence following the revocation of probation. Pa.R.Crim.P. 708(D). As the comment to Rule 708 explains:

> Issues properly preserved at the sentencing proceeding need not, but may, be raised again in a motion to modify sentence in order to preserve them for appeal. In deciding whether to move to modify sentence, counsel must carefully consider whether the record created at the sentencing proceeding is adequate for appellate review of the issues, or the issues may be waived.

Pa.R.Crim.P. 708 cmt. Thus, an objection to a discretionary aspect of a sentence is waived if not raised in a post-sentence motion or during the sentencing proceedings. *See Commonwealth v. Parker*, 847 A.2d 745 (Pa. Super. 2004) (holding challenge to discretionary aspect of sentence was waived because appellant did not object at sentencing hearing or file post-sentence motion).

Herein, the first requirement of the four-part test is met because Appellant brought a timely appeal. However, our review of the certified record reflects that Appellant waived his challenge to the discretionary aspects of his sentence by failing to raise the claim either at the sentencing proceeding or by means of a post-sentence motion. Thus, this issue has not been properly preserved for appeal, and the record is not adequate to allow appellate review of Appellant's claim. Accordingly, we deem this issue to be waived.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/30/2017</u>